# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **MATTHEW DIONYSIUS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO: _____ |
| v. | ) |
| | ) **JURY DEMAND** |
| **HANKOOK TIRE MANUFACTURING** | ) |
| **TENNESSEE, LP,** | ) |
| | ) |
| **Defendant.** | ) |

## FEDERAL COMPLAINT

Comes now the Plaintiff, Matthew Dionysius, by and through his undersigned counsel, and would respectfully submit to the Court the following Complaint:

1. Plaintiff, Matthew Dionysius (hereinafter "Plaintiff"), is a resident of Montgomery County, Tennessee.

2. Defendant, Hankook Tire Manufacturing Tennessee, LP, (hereinafter "Defendant") is a limited partnership authorized to be and doing business in Clarksville, Montgomery County, Tennessee, where the allegations set forth in this complaint occurred, and may be served through its registered agent for service of process, Justin Shellaway located at 333 Commerce Street, Suite 600, Nashville, Davidson County, TN 37201-1836.

3. Jurisdiction in this matter is proper because the events giving rise to this matter took place in Montgomery County, Tennessee.

4. The Plaintiff was hired by the Defendant.

## FACTUAL BACKGROUND

5. Plaintiff was hired by the Defendant on or around March 6, 2017 as an Electrical Technician.

6. Throughout Plaintiff's employment, he performed his job to the best of his ability.

7. On or around June 29, 2017, the Plaintiff reported racial discrimination from Jackie White, the team lead at the time.

8. Mr. White was making derogatory statements about African Americans and African American employees.

9. The Plaintiff was affected personally because his significant other is African American, and they have biracial children, which is widely known by his co-workers.

10. On or around July 6, 2017, the Plaintiff was approached by Christopher Ryder, the unit manager, because Mr. Ryder had been contacted by Human Resources regarding the complaints against Mr. White.

11. Mr. Ryder expressed to the Plaintiff that he felt Mr. White was singled out for being reprimanded and stated animosity and intent to retaliate against those who filed the report against Mr. White.

12. At a later date and time, Mr. Ryder was informed of the Plaintiff's participation in the report, and retaliation began.

13. On or around February 9, 2018, Mr. Ryder issued a write up to the Plaintiff for insubordination, which the Plaintiff disputed in correspondence to Human Resources.

14. The Plaintiff went on medical leave in March 2018 and returned on October 22, 2018.

15. After Mr. Ryder learned of the Plaintiff's complaints, the Plaintiff was notified

that upon his return he would be transferred to a different department.

16. When the Plaintiff returned to work in October 2018, he had been assigned to Unit One where he would have to deal with noxious chemicals that would aggravate his COPD.

17. The Plaintiff cannot be certified because of his COPD and therefore is not allowed to wear a face mask that would protect his lungs.

18. Additionally, the employees in Unit Three, the Plaintiff's former department, were given pay raises and were making $32.00 an hour, while the Plaintiff, who was just as and in some cases more than qualified than the folks in that department, was not offered a pay increase.

19. The Plaintiff believes that he has been discriminated against on the basis of race and additionally retaliated against when he reported this discrimination--retaliation that was included but not limited to denying him a pay increase and moving him to a more strenuous department—in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

20. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 19 above.

21. The Plaintiff has exhausted his administrative remedies through the Equal Employment Opportunity Commission and has received his Right to Sue letter.

22. At all times pertinent to this action, Plaintiff was a "person" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*.

23. At all times pertinent to this action, Defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*.

24. Beginning on or about June 29, 2017 and continuing through his return to work

after medical leave on October 22, 2018, the Plaintiff was subjected to harassment and discrimination by the Defendant's employees, including but not limited to the Plaintiff's supervisors and management.

25. The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to employees who did not have biracial children and/or an African American spouse or significant other who were similarly situated. Plaintiff received discipline such as verbal warnings, written disciplinary processes and termination for actions and/or omissions which similarly situation Caucasian workers without familial ties to African Americans were not warned or disciplined for committing.

26. The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's reporting race discrimination.

27. The Plaintiff would aver that the Defendant's reasons for his transfer and prevention of increase in pay was pre-textual and further, the Plaintiff was treated poorly due to his reporting of race discrimination.

28. By failing to treat Plaintiff similarly to his Caucasian counterparts without familial ties to African Americans and by transferring the Plaintiff to another department to prevent him from receiving a pay increase, the Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*.

### COUNT II
### RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

29. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 28 above.

30. The Plaintiff has exhausted his administrative remedies through the Equal Employment Opportunity Commission and has received his Right to Sue letter.

31. At all times pertinent to this action, Plaintiff was a "person" within the meaning of 42 U.S.C. § 1981.

32. At all times pertinent to this action, Defendant was an "employer" within the meaning of 42 U.S.C. § 1981.

33. Beginning on or about June 29, 2017 and continuing through his return to work after medical leave on October 22, 2018, the Plaintiff was subjected to harassment and discrimination by the Defendant's employees, including but not limited to the Plaintiff's supervisors and management.

34. The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to employees who did not have biracial children and/or an African American spouse or significant other who were similarly situated. Plaintiff received discipline such as verbal warnings, written disciplinary processes and termination for actions and/or omissions which similarly situation Caucasian workers without familial ties to African Americans were not warned or disciplined for committing.

35. The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's reporting race discrimination.

36. The Plaintiff would aver that the Defendant's reasons for his transfer and prevention of increase in pay was pre-textual and further, the Plaintiff was treated poorly due to his reporting of race discrimination.

37. By failing to treat Plaintiff similarly to his Caucasian counterparts without

familial ties to African Americans and by transferring the Plaintiff to another department to prevent him from receiving a pay increase, the Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of or on the basis of race, in violation of 42 U.S.C. § 1981.

## COUNT III
## RETALIATION

38. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 37 above.

39. The Plaintiff has exhausted his administrative remedies through the Equal Employment Opportunity Commission and has received his Right to Sue letter.

40. At all times pertinent to this action, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq* and 42 U.S.C. § 1981.

41. At all times pertinent to this action, Defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq* and 42 U.S.C. § 1981.

42. Plaintiff submits that he was disciplined and transferred in order to prevent him receiving a pay increase in retaliation for reporting discrimination and harassment. Plaintiff asserts that the Defendant retaliated against his in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq* and 42 U.S.C. § 1981.

43. At all pertinent times, the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq* and 42 U.S.C. § 1981 as (1) the Plaintiff was an employee of the Defendant; (2) the Plaintiff reported and refused to remain silent about his

discrimination and harassment; (3) the Defendant employer issued reprimands to and transferred the Plaintiff to a more difficult department after he reported discrimination and harassment and (4) the Defendant reprimanded and transferred the Plaintiff to a more difficult department solely for the Plaintiff's refusal to remain silent regarding the discrimination and harassment.

44. The Plaintiff avers that the supervisors were the purveyors of the aforementioned acts of inappropriate conduct and retaliation and that despite Plaintiff's formal complaint the Defendant retaliated against the Plaintiff for reporting the discrimination and harassment.

45. There was a breach of the Defendant's duty to supervise its employees and agents. Among other employees, the person who the Defendant hired for the Supervisor position participated and condoned discriminatory and retaliatory practices. The Defendant negligently hired and appointed supervisors and managers who created a hostile environment in the Plaintiff's place of employment.

## COUNT IV
## NEGLIGENT HIRING, RETENTION AND SUPERVISION PRACTICES

46. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 - 45 above.

47. At all relevant date and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents, and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the retaliatory behavior; (b) the Defendant's employee's agents and representatives failed to respond properly to reports of injuries at work; (c) the Defendant failed to promulgate an anti-harassment or retaliation policy with a complaint procedure in place enforced by management; (d) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of harassment and retaliation; (e) the Defendant

did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report retaliation and harassment occurring within the Defendant's workplace; (f) the Defendant permitted a workplace permeated with retaliation which has created a hostile environment; and (g) the Defendant had a duty to properly supervise its employees and agents.

48. There was a breach of the Defendant's duty to train, monitor and supervise its employees and agents. Among other employees, the persons who the Defendant hired for Plaintiff's supervisor position participated in and condoned discriminatory and retaliatory practices. The Defendant negligently hired and appointed supervisors and managers who created a hostile environment in the Plaintiff's place of employment.

49. The Defendant further failed to supervise their management and non-management staff and employees to prevent, discover or correct retaliatory or discriminatory practices that were taking place.

50. There is a proximate causal relationship between the Defendant's failure to properly hire, train and supervise its employees and the discrimination experienced by the Plaintiff.

**APPLICABLE TO ALL COUNTS**

51. Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*, 42 U.S.C. § 1981, and negligent practices.

52. Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts of omissions as set forth herein, the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq,* 42 U.S.C. § 1981 and negligent practices.

53. Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary loses.

54. Plaintiff further submits that the Defendant has acted: (a) intentionally and/or (b) maliciously, and/or (c) recklessly and that the Plaintiff is entitled to punitive damages.

55. As a result of the discrimination, the Plaintiff has suffered embarrassment and humiliation, emotional distress, pain and suffering, incidental expenses, lost wages and lost earning capacity.

56. As a result of the Defendant's culpable acts or omissions set forth herein, the Plaintiff was improperly discriminated against by the Defendant and is entitled to compensation for compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other incidental damages non-pecuniary loses, and for punitive damages. Plaintiff submits he is entitled to a workplace free of discrimination.

**WHEREFORE PLAINTIFF PRAYS:**

a) That service of process issue to Defendant as set forth in;

b) Back pay and front pay, and benefits;

c) Pre-judgment interest;

d) Compensatory, consequential and punitive damages

e) Reasonable attorney's fees and costs; and

f) Other such legal and equitable relief as the Court deems just and proper;

g) That a jury of twelve (12) be empaneled to try this action.

Respectfully submitted,

/s/Nina H. Parsley
Nina H. Parsley, BPR # 23818
Michael D. Ponce and Associates
400 Professional Park Drive
Goodlettsville, TN 37072
Attorney for Plaintiff
615-851-1776
615-859-7033 Facsimile